50 Vroom.        Trussell v. Morris County Traction Co.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, DILL, CONGDON, JJ.    12.

---

JULIA TRUSSELL, ADMINISTRATRIX, &c., OF RICHARD F. TRUSSELL, DECEASED, PLAINTIFF IN ERROR, v. MORRIS COUNTY TRACTION COMPANY, DEFENDANT IN ERROR.

Argued March 16, 1910—Decided September 16, 1910.

1. A company operating an electric street railway car is bound to exercise a high degree of care to carry its passengers safely in and upon whatever part of the car they ride with the express or implied consent of the company.

2. It is not negligence *per se* for a passenger to ride upon the step of the platform of an electric street railway car.

3. Where the evidence tends to show that the plaintiff's intestate, with the defendant's consent, rode as a passenger upon the step of the platform of the defendant's electric street railway car because there was no room on the platform or in the car, and that while he was so riding, with his back to the road, holding on to the stanchion with his right hand, the servants of the defendant, without any warning to decedent, drove the car at a speed of twenty miles an hour around a "sharp curve," whereby the decedent was thrown to the ground ten feet distant from the track and killed, both the questions of the negligence of the defendant and the contributory negligence of the decedent are for the jury.

On error to the Supreme Court.

For the plaintiff in error, *Charlton A. Reed.*

For the defendant in error, *Willard W. Cutler.*

The opinion of the court was delivered by

TRENCHARD, J.  This action was brought by the administratrix of Richard F. Trussell to recover damages for his death.

At the trial, at the Morris circuit, the evidence tended to show the facts following:

The decedent was a passenger on one of the defendant's electric street railway cars running from Dover to the "ball ground," located between Dover and Rockaway. The car, both inside and on its platforms, was crowded with passengers. Because of the crowded condition of the car, he necessarily took a place on the step of the rear platform, with his back to the road, holding on to the stanchion with his right hand, and while standing in that position paid his fare to the conductor who made no objection to his riding on the step. The car proceeded, with the decedent in that position, towards the ball grounds, at a speed of twenty miles an hour, and without slackening speed, and without any warning to decedent, went around a "sharp curve," thereby throwing the decedent to the ground ten feet distant from the track and killing him.

When the plaintiff rested, the learned trial judge granted a motion to nonsuit, based upon the grounds (1) that the evidence disclosed no negligence upon the part of the defendant company, and (2) that it conclusively appeared that the decedent was guilty of contributory negligence. Upon the judgment entered in pursuance of the nonsuit the writ in this case was brought, and the nonsuit is assigned for error.

We are of the opinion that the nonsuit cannot be supported upon either ground.

A company operating an electric street railway car is bound to exercise a high degree of care to carry its passengers safely in and upon whatever part of the car they ride, with the express or implied consent of the company. *Scott v. Bergen County Traction Co.,* 34 *Vroom* 407; *Hansen v. North Jersey Street Railway Co.,* 35 *Id.* 686; *City Railway Co. v. Lee,* 21 *Id.* 435; *Consolidated Traction Co. v. Thalheimer,* 30 *Id.* 474; *Whalen v. Consolidated Traction Co.,* 32 *Id.* 606.

As we have pointed out, the evidence warranted the inference that the decedent was riding upon the step of the platform with the consent of the defendant company. The evidence also tended to show that, under these circumstances, the servants of the defendant company, without any warning to decedent, drove the car around a "sharp curve" at a speed of twenty miles an hour. Clearly the jury might well have found that reasonable foresight upon the part of the defendant's servants operating the car should have anticipated the possibility that the decedent would be thrown from the car, and that reasonable care required that they should guard against it either by checking the speed of the car or warning the decedent of the danger. This they did not do. It may be inferred that the managers of the car knew, and the decedent did not know, that the car was about to take the "sharp curve" which was dangerous to the decedent in his situation. The question of negligence of the defendant company was therefore for the jury.

We are of the opinion, too, that the alleged contributory negligence of the decedent was not, under the evidence, a court question.

It is not negligence *per se* for a passenger to ride upon the step of the platform of an electric street railway car. *Scott v. Bergen County Traction Co.*, 34 *Vroom* 407; *Nirk* v. *Jersey City, &c., Street Railway Co.*, 46 *Id.* 642.

In *City Railway Co. v. Lee*, 21 *Id.* 435, Mr. Justice Knapp, speaking for this court, quoted with approval the language of the Massachusetts Supreme Judicial Court in *Messel* v. *Lynn Railroad Co.*, 8 *Allen* 234, as follows:

"The seats inside the car are not the only places where the managers expect passengers to remain, but it is notorious that they stop habitually to receive passengers to stand inside the car until the car is full, then to stand upon the platforms until they are full, and continue to stop and receive them even after there is no place to stand except on the steps of the platforms. Neither the officers of these corporations, nor the managers of the cars, nor the traveling public, seem to regard this practice as hazardous, nor does experience thus far seem to require that it should be restrained on account of its danger. There is, therefore, no basis upon which the court can decide on the evidence that the plaintiff did not use ordinary care."

It is true that a passenger who voluntarily rides upon the platform step when there is room for him inside the car takes upon himself the duty of looking out for, and of protecting himself against, the usual and obvious perils attendant upon his position, such as the danger of being thrown from the step by the ordinary jolting and swinging of the car. *Nirk* v. *Jersey City, &c., Street Railway Co., supra,* and cases there cited. But, as we have pointed out, the evidence justified the inference that the decedent rode upon the platform step from necessity, because there was no room on the platform or in the car, and that he occupied that position with the consent of the defendant. Moreover, it was clearly open to the jury to find that the peril which the decedent encountered

was not one of those usual and obvious perils attendant upon his position, but rather was the result of the negligent driving of the car. The alleged contributory negligence of the decedent was therefore for the determination of the jury.

The judgment of the court below will be reversed and a *venire de novo* awarded.

*For affirmance*—VROOM, GRAY, JJ. 2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, DILL, CONGDON, JJ. 13.